Ginger G. Mooney, OSB # 031261
Ginger G. Mooney, LLC
1017 May Street, Suite 200
Hood River, Oregon 97031
(541) 716-5650
Fax (503) 389-1585
contact@mooneylaw.org
Attorney for Adam Lyon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ADAM LYON,** | USDC Case No. 6:20-cv-1883-JR |
| Plaintiff, | **AMENDED COMPLAINT** |
| **v.** | 42 U.S.C. §§ 1983, 1985 (Violation of Civil Right under Color of Law); Personal Injury, Professional Negligence, Negligence |
| **OREGON STATE HOSPITAL**, a state agency; **OREGON DEPARTMENT OF HUMAN SERVICES**, a state agency; **OREGON HEALTH AUTHORITY**, a state agency; **PATRICK ALLEN**, director of Oregon Health Authority; **KRISTINE KAUTZ**, Deputy Director of Oregon Health Authority; **MIKE MORRIS**, Behavioral Health Director, Oregon State Hospital; **DELORES 'DOLLY' MATTEUCCI**, Superintendent, Oregon State Hospital**; DEREK WEHR**, Deputy Superintendent, Oregon State Hospital; **CARMEN CONTRERAS**, MHTT, Oregon State Hospital; **STEPHEN BISHOP**, MHTT-Security, Oregon State Hospital; **MICHAEL MURR,** RN, Nurse Manager, Oregon State Hospital; **BRYNN BROWN,** MHTT, Oregon State Hospital, **EUGENE DOE**, LPN, Oregon State Hospital; **JOHN AND JANE DOE(S)**, each sued in their individual and official capacities, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Page 1 – AMENDED COMPLAINT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff by and through his attorney, brings his complaint herein. Plaintiff states and alleges as follows:

## INTRODUCTORY STATEMENT

This is a civil rights action brought by Plaintiff, Adan Lyon, in which he seeks relief for the Defendants' violations of his rights secured by the United States Constitution, including the First, Eighth and Fourteenth Amendments, by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985.

Plaintiff, a vulnerable person, is a patient at the Oregon State Hospital (OSH), an Oregon Health Authority (OHA) facility. Plaintiff was sexually abused and harassed OSH staff. Defendant failed to provide adequate supervision, training of staff, safeguards and protections for Plaintiff from Defendant Contreras who sexually abused Plaintiff while employed at OSH. Defendants failed to respond to obvious signs Defendant Contreras was grooming Plaintiff and sexually abusing him. Defendants failed to provide counseling for the benefit and protection of the Plaintiff and subjected Plaintiff to recurring psychological damage by failing to treat his ongoing psychological injuries arising from the sexual harassment and abuse.

In addition, Plaintiff was subjected to unlawful bodily injury when Defendant Stephen Bishop used an inappropriate take down procedure on Plaintiff dislocating his right hip and fracturing his right pelvis. Plaintiff seeks declaratory relief, nominal, compensatory and punitive damages, including reasonable costs, attorney's fees and disbursements, pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

### 1.

Jurisdiction exists under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1343 because

Page 2 – AMENDED COMPLAINT

Plaintiff has brought this action to seek redress for the deprivation of rights secured by the United States Constitution. Plaintiff's state law claims are related to Plaintiff's federal law claims, such that those claims form part of the same case or controversy under Article III of the United States Constitution.

**2.**

Venue is proper under 28 U.S.C. § 1391(b)(2), because the acts and omissions alleged herein occurred in Marion County, Oregon.

**PARTIES**

**3.**

Plaintiff Adam Lyon (Lyon and Plaintiff) is an adult citizen of the United States and resides in the State of Oregon. At all times relevant, Plaintiff was a patient at the Oregon State Hospital (OSH).

**4.**

Defendants are and were employees of OHA, DHS and/or OSH at all times material to this complaint. At all times relevant herein, each Defendant acted under color of state law and within the course and scope of their employment. Each Defendant is sued individually and in his or her official capacity.

**5.**

Defendant Patrick Allen was at all relevant times the Director for OHA. Defendant Allen has the ultimate oversight of OSH employees and patients and is responsible for enforcement and compliance with Federal and State law.

**6.**

Defendant Kristine Kautz was at all times relevant the Deputy Director for OHA. Upon information and belief, Defendant Kautz is responsible for overseeing the functions and operations of OHA, fostering transparency, advancing health transformation goals and providing counsel to OHA leadership team.

**7.**

Defendant Mike Morris was at all relevant times the behavioral health director and was directly responsible for supervising operations at OSH. On information and belief, he was responsible for developing, implementing, and enforcing hospital policies and procedures.

**8.**

Defendant Dolores 'Dolly' Matteucci, was at all times relevant the superintendent of the Oregon State Hospital. Defendant Matteucci was responsible for overseeing the care and treatment of patients at OSH and supervising employees of OSH. She was also responsible for developing, implementing, and enforcing hospital policy and procedure.

**9.**

Defendant Derek Wehr, was at all times relevant the deputy superintendent of the Oregon State Hospital. Defendant Wehr was responsible for providing direction and leadership assuring coordination and accomplishment of goals and objectives consistent with legislative intent, directives of the governing body and standards of the Joint Commission, and other licensure and regulatory bodies.

**10.**

Defendant Carmen Contreras was at all times relevant was employed by OSH as a Mental Health Therapy Technician (MHTT). Defendant Contreras was responsible for providing physical care, behavioral management, infection control and security activities.

**11.**

Defendant Stephen Bishop was at all times relevant employed by OSH. On information and belief, he was employed as a Mental Health Security Technician (MHST). His responsibilities included assisting with admissions and discharges, campus security, assisting with emergency services, transporting clients, providing assistance during visitation times, supporting staff with patient engagement and patient related activities and using video monitoring and other tools to keep persons and property safe.

**12.**

Defendant Michael Murr was at all times relevant employed as a Registered Nurse (RN) and a Nurse Manager at OSH. Murr, on information and belief, was responsible to supervise, monitor, and evaluate the performance of staff working on shift, as well as, assigned Relief Pool staff. Murr was also responsible for collaborating with unit and program management to establish and operationalize policies, procedures and protocols to guide patient care/treatment and maintain compliance with state and federal law as well applicable regulatory and accrediting agency standards, as well as working collaboratively with the Centralized Staffing Office to assure delivery of the highest quality mental health treatment and care consistent with resources available.

**13.**

Defendant Brynn Brown was at all times relevant employed as a Mental Health Therapy Technician (MHTT). On information and belief, Brown's responsibilities included assisting with admissions and discharges, campus security, assisting with emergency services, transporting clients, providing assistance during visitation times, supporting staff with patient engagement and patient related activities and using video monitoring and other tools to keep persons and property safe.

**14.**

Defendant Eugene Doe was employed at all relevant times as a Licensed Practical Nurse (LPN). On information and belief, Eugene's responsibilities included determining and providing the medical/psychiatric nursing care and treatment for patients at OSH, under the supervision of the RN. Additionally, Eugene was responsible for providing nursing care and treatment to patients who were elderly, mentally/emotionally impaired, behaviorally impaired and physically compromised and assisting in providing a safe, secure environment and contribute to the maintenance of a therapeutic milieu.

**15.**

Defendants John and Jane Does are and were at all times relevant, employees of OSH and/or other state officials whose identities are currently unknown to Plaintiff. All Doe Defendants

Page 5 – AMENDED COMPLAINT

have been personally involved in the violations alleged herein. Plaintiff will amend this complaint to formally name all Doe Defendants once their identities are revealed to Plaintiff during discovery. All Doe Defendants are sued in the official and individual capacities. All Doe Defendants have acted under color of state law at all times relevant to this complaint.

## FACTUAL ALLEGATIONS

### 16.

Plaintiff was a patient at the Oregon State Hospital receiving services for mental illness at all times relevant to this cause of action.

### 17.

Between November 1, 2018 and February 14, 2019, Plaintiff was housed in OSH.

### 18.

Between November 1, 2018 and February 14, 2019, OSH was a residential treatment facility .

### 19.

In November 2018, Carmen Contreras, an employee of OSH, improperly solicited a sexual relationship with Plaintiff, a patient of OSH.

### 20.

 In November of 2018, Defendant Contreras began flirting with Plaintiff, exchanging touches when they passed each other. Defendant Contreras would brush her hand across Plaintiff's chest or hand as she walked by and allowed Plaintiff to touch her leg on one occasion and her buttocks on another occasion.

### 21.

Between November 1, 2018 and December 2018, Defendant Contreras and Plaintiff contacted or attempted to contact each other approximately 86 times using the patient phone located on OSH Unit 1. Twenty-six of the calls had a call length of greater than on minute, the longest being one hour and 22 minutes. The average length of the 26 calls was 22.8 minutes.

**22.**

Between November 1, 2018 and January 1, 2018, Defendant Contreras sent Plaintiff at least 39 digital photos and four sexually explicit videos to his Gmail account. Thirteen of the photographs contained sexually explicit material. In those photographs, Defendant Contreras is seen nude, masturbating, and performing sexual acts. Three photos depicted Defendant Contreras smoking what appears to be a marijuana pipe in a hot tub, 10 other photos were of Defendant Contreras performing sexual acts with her pants off. In four short videos Defendant Contreras is seen masturbating and fondling her breasts.

**23.**

Between November 1, 2018 and January 1, 2018, Defendant Contreras exposed Plaintiff to sexually explicit materials and sexually explicit language. Although Plaintiff did not access the above-mentioned emails, Defendant Contreras showed him nude photos of herself on her phone. Specifically, Plaintiff described one photo in which Defendant Contreras was bent over and was wearing black underwear that exposed her buttocks and part of her vagina.

**24.**

Between November 1, 2018 and January 1, 2018, Defendant Contreras engaged Plaintiff in phone sex, where Defendant Contreras would describe herself masturbating and share fantasies about sexual interactions between the two of them. These conversations would take place on Defendant Contreras's personal cell phone and a prepaid cell phone registered under a fake name. Defendant Contreras also used the patient phone in the OSH break room to communicate with Plaintiff.

**25.**

Between November 1, 2018 and January 1, 2018, Contreras indicated that she wanted to see Plaintiff's genitals. While Defendant Contreras was on a "constant", supervising another patient, Plaintiff exposed his genitals to Defendant Contreras, who responded by "shaking her ass" at him. Oregon State Hospital staff witnessed her doing this but failed to report the incident.

///

Page 7 – AMENDED COMPLAINT

**26.**

Between November 1, 2018 and January 1, 2019, Defendant Contreras engaged Plaintiff in sexually explicit in-person conversations. Those conversations included Defendant Contreras making a verbal comparison between a rose and her vagina.

**27.**

Between November 1, 2018 and January 1, 2018, Defendant Contreras gave Plaintiff sexually explicit cards and other gifts including clothing and food items. One card references the sexual interaction between Defendant Contreras and Plaintiff where Plaintiff exposed his genitals to Defendant Contreras. Another card describes Defendant Contreras masturbating while wearing Plaintiff's sweatshirt followed by Contreras' statements that, "I want to eat you like a sweet dessert. I want your warmth and sweetness in my mouth."

**28.**

On December 25, 2018, Plaintiff spoke to Defendant Contreras for the last time and informed her that he was going to expose their relationship to his treatment team at the OSH.

**29.**

The same day, the Office of Training, Investigations and Safety (OTIS) received a report via phone call regarding sexual abuse perpetrated against Plaintiff by Defendant Contreras. OTIS ultimately substantiated that claim in its findings.

**30.**

On December 27, 2018, OTIS investigator, Jess Lienemann interviewed Plaintiff.

**31.**

On January 6, 2019, Defendant Contreras reported her relationship with Plaintiff to Jane Doe 1 (W4). In other telephone conversations, Defendant Contreras admitted to Jane Doe 1 that she, Defendant Contreras, had admitted to calling Plaintiff from her personal cell phone, exchanging letters and notes with him, and that there were involved in a romantic relationship.

**32.**

On January 8, 2019, Jane Doe 1 (W4) called Jess Lienemann, to report Defendant

Page 8 – AMENDED COMPLAINT

Contreras' relationship with Plaintiff.

**33.**

On January 23, 2019, an OSH employee, John Doe 1 (W1) acknowledged that he suspected an inappropriate relationship between Defendant Contreras and Plaintiff. John Doe 1 saw Plaintiff pass a letter to Contreras. John Doe 1 stated that, Defendant Contreras and Plaintiff "kept being found together which raised red flags in [his] mind." He advised Defendant Contreras on how to keep distance from Plaintiff and about proper work attire. Despite this Defendant Contreras continued to wear inappropriate clothing to work. This mode of dressing differed from her usual, sweatshirt and t-shirt attire. Notwithstanding his concerns, John Doe 1 failed to report Defendant Contreras' actions or to take action to protect Plaintiff.

**34.**

On January 23, 2019, a second OSH employee, Jane Doe 2 (W2), stated that she was suspicious of an inappropriate relationship between Defendant Contreras and Plaintiff. Jane Doe 2 indicated that Defendant Contreras and Plaintiff were constantly seen together. She also indicates that other staff members noticed this behavior and that Defendant Contreras was constantly being approached and "told that being seen together so often had the appearance of impropriety and that she needed to do something to distance herself from [Plaintiff]." Defendant Contreras did not change her actions and her personality changed into flirtation. Jane Doe 2 failed to report failed to report Defendant Contreras' actions or to take action to protect Plaintiff

**35.**

Defendant Contreras gave Jane Doe 2 a note from Plaintiff. Jane Doe 2 was concerned that the note was given to her instead of the OP4, a staff member who had the authority to handle this situation. Jane Doe 2 failed to report Contreras' actions or take actions to protect Plaintiff.

**36.**

Jane Doe 2 indicated that she would find Defendant Contreras alone together plating games in the activity room and giving Plaintiff fruit and juice out of the kitchenette beyond the visual range of other staff.

Page 9 – AMENDED COMPLAINT

**37.**

Jane Doe 2 observed several occasions when Defendant Contreras would leave, and Plaintiff would suddenly be on the phone and having long conversations. For this and other reasons, she was concerned that Defendant Contreras and Plaintiff were having telephone conversations.

**38.**

Jane Doe 3 (W3), a staff member permanently assigned to OSH Unit 1, learned from Plaintiff that he had a significant other at the hospital. Jane Doe 3 later learned that Plaintiff had given Defendant Contreras a letter and which point Jane Doe 3 became suspicious that Defendant Contreras and Plaintiff were having an inappropriate relationship. Jane Doe 3 did not report her suspicions or take action to protect Plaintiff.

**39.**

On February 12, 2019, Defendant Contreras admitted to calling Plaintiff, admitted that the topic of sex came up but denied there being any explicit talk although she did send Plaintiff nude and sexually explicit photos of herself.

**40.**

On February 12, 2019, Defendant Contreras stated that that it would have been helpful to have more formal training and that more training should be available to staff regarding staff/patient boundaries.

**41.**

On or about February 14, 2018, Defendant Contreras continued to send Plaintiff letters telling Plaintiff how much she wanted to be with him.

**42.**

On or about February 21, 2019, OTIS Oregon State Hospital found that under ORS 430. 735 (13)(a)(B), Defendant Contreras sexually abused Plaintiff by exposing Plaintiff to sexually explicit materials and sexually explicit language.

///

Page 10 – AMENDED COMPLAINT

**43.**

On January 14, 2019, OSH security employee, Stephen Bishop, caused Plaintiff to suffer extensive injuries, including a right hip dislocation as well as a right pelvis fracture, resulting from an improper takedown maneuver.

**44.**

Plaintiff was immediately taken to the hospital for a hip relocation and x-rays. He spent the next several weeks in a wheelchair as a result of his injuries.

**45.**

On May 9, 2019, Plaintiff visited Galen Griffin, MD for a scan of his hip and pelvis. The medical impression was as follows: "Abnormal signal involving posterior wall of right acetabulum consistent with fracture. Patient has a history of acetabular fracture diagnosed January 20, 2019."

**46.**

On March 17, 2019, Plaintiff provided another notice of a tort claim to the Department of Administrative Services regarding the aforementioned abuse. In the notice, he named Stephen Bishop and again Dolores 'Dolly' Matteucci as defendants.

**47.**

On April 25, 2019, Plaintiff again provided notice of a tort claim and described himself as a victim of sex abuse. This time, he named Carmen Contreras as a Defendant and stated that he was responsible for the underlying sexual abuse. The notice states that OTIS investigated the allegation and found a substantiated claim of abuse.

**48.**

On March 5, 2019, Plaintiff provided notice of a tort claim to the Department of Administrative Services. In the notice, he described the aforementioned abuse and named the State of Oregon, Oregon State Hospital, Oregon Health Authority, "all identifiable security involved, all identifiable administrators bearing responsibility, all interdisciplinary team leaders and members bearing responsibility," and Dolores 'Dolly' Matteucci as Defendants.

///

**49.**

Plaintiff has exhausted all available administrative remedies with respect to all claims and all Defendants involved in the above-described events.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Cruel and Unusual Punishment – Sexual Assault**

**42 U.S.C § 1983 – Violation of Eighth Amendment**

**(Defendant Contreras)**

**50.**

Plaintiff re-alleges each and every allegation of paragraphs 1 through 47 and incorporates those allegations herein by this reference.

**51.**

The rights and privileges of which Plaintiff was deprived include, but are not limited to:

1)   His right to reasonable safety from himself and others;

2)   His right to bodily integrity.

**52.**

Sexual assault on a patient is deeply offensive to human dignity and is cruel and unusual punishment under the Eighth Amendment. State hospital patients have a clearly established Eighth Amendment right to be free from sexual abuse. Sexual abuse of a patient also constitutes excessive force and violates the Due Process Clause of the Fourteenth Amendment.

**53.**

Plaintiff is entitled to be held in a safe and humane conditions of confinement throughout his hospitalization. Plaintiff is entitled to be free from unwanted and unwarranted sexual touching and abuse. He is entitled to his own personal bodily integrity pursuant to the parameters of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff is also entitled to a to be safe and secure from undue and excessive force while in custody.

Page 12 – AMENDED COMPLAINT

**54.**

The acts and omissions of Defendant Contreras violated Plaintiff's protected rights and were an excessive intrusion onto his person without just cause and amounted to deliberate indifference to Plaintiff's protected rights and his own personal integrity and safety. Defendants violated the requirements of the Eighth and Fourteenth Amendment rights held by Plaintiff through the use of intentional and abusive sexual assault and subjecting him to unsafe and inhumane conditions of confinement.

**55.**

The specific acts of Defendant Contreras that are alleged to be deliberately indifferent are more particularly set forth below:

1) Defendant Contreras had sexual contact with Plaintiff, an adult considered incapable of consenting to a sexual act under ORS 163.315 between November 1, 2018 and January 1, 2019;

2) Defendant Contreras engaged in sexual harassment, sexual exploitation and inappropriately exposed Plaintiff to sexually explicit material and language;

3) Defendant Contreras, an employee of OSH, had sexual contact with Plaintiff, and adult served by the facility and Defendant Contreras;

4) Defendant Contreras was an individual providing mental health treatment to Plaintiff and had sexual contact with Plaintiff, an individual receiving mental health treatment. Sexual contact included touching of Plaintiff's intimate parts and causing Plaintiff to touch Defendant Contreras intimate parts for the purpose of arousing or gratifying a sexual desire of Defendant Contreras;

5) Defendant Contreras sexually harassed Plaintiff by means of inappropriate sexual comments and exposure to sexually explicit material;

6) The actions of Defendant Contreras are consistent with the sexual abuse of a state hospital patient by a staff member as set forth in ORS 430.835- 430.765.

7)   The actions of Defendant Contreras are in violation of existing state hospital standards, the United States Constitution, and state and federal laws and rules.

**56.**

Defendant Contreras perpetrated enumerated acts of sexual abuse against Plaintiff. Defendant Contreras used her position of power to abuse Plaintiff, a vulnerable victim. Defendant Contreras' actions were not only criminal but also placed Plaintiff, as well as other patients and hospital staff, in harm's way.

**57.**

Defendant violated clearly established rights and no reasonable official similarly situated to Defendant could have believed that his or her conduct was lawful or within the bounds of reasonable discretion. Defendant lacks qualified or statutory immunity from suit or liability.

**58.**

As a direct and proximate cause Defendant Contreras' actions resulting in of the violations of the Constitutional standards set forth herein, Plaintiff suffered physical assaults to his person, severe emotional trauma from the ongoing assaults and sexual harassment, and a significant deterioration in his mental state causing him to become severely anxious and depressed.

**59.**

As a direct and proximate cause of the violations of the Constitutional standards set forth herein, Plaintiff has suffered from forms of stress, depression, anxiety. The acts and omission of Defendants, taken under color of law, constituted deliberate indifference and violated Plaintiff's right under the Eighth Amendment to the United States Constitution.

**60.**

As a result of the violations of the Constitutional standards set forth herein, Plaintiff continues to suffer from anxiety, stress, anger, hopelessness, depression and ongoing battles with stress.

///

///

**61.**

Defendant Contreras' conduct was well defined by law and Defendant Contreras knew or reasonably should have known that her conduct fell both below the standard prescribed by law herein but also was illegal.

**62.**

As a result of Defendant Contreras' deprivation of Plaintiff's rights, he is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**63.**

As a result of Defendant Contreras' actions, he is entitled to recover punitive damages in a reasonable amount to be proven at trial.

**64.**

Pursuant to 42 USC §1988, Plaintiff should be awarded attorney's fees and litigation costs/expenses against all Defendants.

**SECOND CLAIM FOR RELIEF**

**Deprivation of Federal Civil Right**

**(42 U.S.C §§ 1983, 1985)**

**(Defendant Bishop)**

**65.**

Plaintiff realleges paragraphs 1 through 16 and 41 through 47 as if set fully herein,

**66.**

All actions and inactions by Defendant Stephen Bishop were done under the color of state of law.

**67.**

Defendant violated clearly established rights and no reasonable official similarly situated to Defendant could have believed that his or her conduct was lawful or within the bounds of reasonable discretion. Defendant lacks qualified or statutory immunity from suit or liability.

**68.**

The actions and inactions of Defendant Bishop as set forth above, substantially departed from the professional judgement standard and/or were deliberately indifferent to Plaintiff's substantive due process rights as provided by the Fourteenth Amendment in Defendant Stephen Bishop deprived Plaintiff of his rights and privileges including, but not limited to his right to reasonable safety from himself and others and his right to bodily integrity.

**69.**

As a direct result of Defendant Bishops actions, Plaintiff suffered the following injuries:

1) Right hip dislocation;

2) Right pelvis fracture.

**70.**

As a result of the violations of the Constitution, Plaintiff seeks economic and noneconomic damages in a sum to be determined at trial. Plaintiff seeks punitive damages against Defendants.

**71.**

As a result of Defendant Bishop's deprivation of Plaintiff's rights, he is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**72.**

As a result of Defendant Bishop's actions, he is entitled to recover punitive damages in a reasonable amount to be proven at trial.

**73.**

Pursuant to 42 USC §1988, Plaintiff should be awarded attorney's fees and litigation costs/expenses Defendant Bishop.

///

///

///

///

**THIRD CLAIM FOR RELIEF**

**Deprivation of Federal Civil Right**

**Failure to Protect**

**(42 U.S.C §§ 1983, 1985)**

**(All Defendants)**

**74.**

Plaintiff re-alleges each and every allegation of paragraphs 1 through 71 and incorporates those allegations herein by this reference.

**75.**

Plaintiff, as a patient confined to a state hospital, is entitled to be provided the essential aspects of a safe, sanitary and humane confinement including protection from harms and threats to his safety and security under the laws of the State of Oregon and the Eighth Amendment to the United States Constitution.

**76.**

Plaintiff is entitled to the full protection of the laws including ORS 430.735.

**77.**

Defendants violated the Constitutional and statutory rights held by Plaintiff in the following ways:

1) DHS/OHA/OSH's failure to timely investigate Defendant Contreras' actions;

2) DHS/OHA/OSH's failure to timely investigate Defendant Bishop's actions;

3) DHS/OHA/OSH's failure to note and respond to evidence of abuse;

4) DHS/OHA/OSH's willfully ignored clear violations of restrictions on contact and behavior permitted between staff and patients;

5) DHS/OHA/OSH's willfully ignored clear signs of "grooming" and sexualized behavior by staff toward inmates;

6) DHS/OHA/OSH's failure to provide adequate supervision and training for staff;

7)   DHS/OHA/OSH's failure to provide adequate safeguards and protections for patients from Defendants Contreras and Bishop;

8)   DHS/OHA/OSH's failure to respond to obvious signs that Defendant Contreras was grooming Plaintiff, and displayed predatory sexual patterns which were known to many staff members including security staff and management at OSH;

9)   DHS/OHA/OSH's knowledge of Defendant Contreras' actions and their failure to take immediate action to stop Defendant Contreras' actions;

10)   DHS/OHA/OSH's failure to protect Plaintiff from sexual assault, harassment and intimidation from OSH employees;

11)   DHS/OHA/OSH's failure to protect Plaintiff from physical harm from OSH employees.

**78.**

As a result of the behaviors of the Defendants herein Plaintiff suffered repeated sexual assault, harassment, was placed in constant fear for his safety and suffered severe emotional trauma.

**79.**

The acts and omission of Defendants, taken under color of law, constituted deliberate indifference and violated Plaintiff's right under the Eighth Amendment to the United States Constitution.

**80.**

As a result of Defendants Contreras' and Bishop's deprivation of Plaintiff's rights, he is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**81.**

As a result of Defendant Contreras' and Bishop's actions, he is entitled to recover punitive damages in a reasonable amount to be proven at trial.

///

Page 18 – AMENDED COMPLAINT

**82.**

Pursuant to 42 USC §1988, Plaintiff should be awarded attorney's fees and litigation costs/expenses against all Defendants.

**FOURTH CLAIM FOR RELIEF**

**Deprivation of Federal Civil Right**

**Failure to Supervise**

**(42 U.S.C §§ 1983, 1985)**

**(All Defendants)**

**83.**

Plaintiff re-alleges each and every allegation and incorporates those allegations herein by this reference.

**84.**

The constitutional deprivations suffered by Plaintiff are the proximate and direct cause of a non-interested, indifferent, and willfully ignorant supervisory practice by the named Defendants. The supervisors have a constitutional duty to protect patients and to provide them with safe and humane conditions of confinement including the right to be free from sexual harassment, abuse and assault by staff. This duty imposed on supervisory staff includes the obligation under the law to fully investigate claims of sexual misconduct by staff against patients, the mandatory duty to report and address claims of sexual assault on patients, the duty to maintain a good and constant supervision of female staff supervising male patients, and the duty to ensure that patients are held in constitutionally adequate conditions, including housing free of physical harm. The duty is enhanced when the patient population is especially vulnerable due to their mental illness.

**85.**

As a result of the behaviors of the Defendants herein Plaintiff suffered repeated sexual harassment, sexual assault, physical violence,  was placed in constant fear for his safety and suffered severe emotional trauma.

Page 19 – AMENDED COMPLAINT

**86.**

The acts and omission of Defendants, taken under color of law, constituted deliberate indifference and violated Plaintiff's right under the Eighth Amendment to the United States Constitution.

**87.**

As a result of the Defendants' violations of his Constitutional rights, Plaintiff is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**88.**

As a result of the Defendants' violations of his Constitutional rights, Plaintiff is entitled to recover punitive damages in a reasonable amount to be proven at trial.

**89.**

Pursuant to 42 USC §1988, Plaintiff should be awarded attorney's fees and litigation costs/expenses against all Defendants.

### FIFTH CLAIM FOR RELEIF

### Deprivation of Federal Civil Right

### Failure to Protect, Cruel and Unusual Punishment, and liability for the actions of its employees

### (42 U.S.C § 1983 – Violation of Eighth Amendment)

**90.**

Plaintiff realleges all previous paragraphs and incorporates those allegations set forth herein.

**91.**

Defendants have deprived Plaintiff of his constitutional rights within the meaning of Section 1983 when they participated in Defendant Contreras' affirmative acts of sexual abuse against Plaintiff, and when they omitted performing an act which they are legally required to do that causes the deprivation.

Page 20 – AMENDED COMPLAINT

**92.**

Here, DHS/OHA/OSH's supervisory staff and officials had knowledge of, ignored, acquiesced and facilitated the unconstitutional action of subordinate officials and OSH staff. Specifically, DHS/OHA/OSH's liabilities are as follows:

1)    DHS/OHA/OSH's failure to timely investigate Defendant Contreras' actions;

2)    DHS/OHA/OSH's failure to timely investigate Defendant Bishop's actions;

3)    DHS/OHA/OSH's failure to note and respond to evidence of abuse;

4)    DHS/OHA/OSH's willfully ignored clear violations of restrictions on contact and behavior permitted between staff and patients;

5)    DHS/OHA/OSH's willfully ignored clear signs of "grooming" and sexualized behavior by staff toward inmates;

6)    DHS/OHA/OSH's failure to provide adequate supervision and training for staff;

7)    DHS/OHA/OSH's failure to provide adequate safeguards and protections for patients from Defendants Contreras and Bishop;

8)    DHS/OHA/OSH's failure to respond to obvious signs that Defendant Contreras was grooming Plaintiff;

9)    DHS/OHA/OSH's knowledge of Defendant Contreras' actions and their failure to take immediate action to stop Defendant Contreras' actions;

10)    DHS/OHA/OSH's failure to protect Plaintiff from sexual harassment and intimidation from OSH employees.

11)    DHS/OHA/OSH's failure to protect Plaintiff from physical harm from OSH employees.

**93.**

As a result of the behaviors of the Defendants herein Plaintiff suffered repeated sexual assault, physical violence, was placed in constant fear for his safety and suffered severe emotional trauma.

**94.**

The acts and omission of Defendants, taken under color of law, constituted deliberate indifference and violated Plaintiff's right under the Eighth Amendment to the United States Constitution.

**95.**

As a result of the Defendants violations of his Constitutional rights, Plaintiff is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**96.**

As a result of the Defendants violations of his Constitutional rights, Plaintiff is entitled to recover is entitled to recover punitive damages in a reasonable amount to be proven at trial.

**97.**

Pursuant to 42 USC §1988, Plaintiff should be awarded attorney's fees and litigation costs/expenses against all Defendants.

**SIXTH CLAIM FOR RELEIF**

**Negligence**

**(All Defendants)**

**98.**

Plaintiff realleges all previous paragraphs and incorporates those allegations set forth herein.

**99.**

The constitutional deprivations suffered by Plaintiff are the proximate and direct cause of a non-interested, indifferent, and willfully ignorant supervisory practice by the named Defendants. The supervisors have a constitutional duty to protect patients and to provide them with safe and humane conditions of confinement including the right to be free from sexual harassment, abuse and assault by staff. This duty imposed on supervisory staff includes the obligation under the law to fully investigate claims of sexual misconduct by staff against patients, the mandatory duty to

report and address claims of sexual assault on patients, the duty to maintain a good and constant supervision of female staff supervising male patients, and the duty to ensure that patients are held in constitutionally adequate conditions, including housing free of physical harm. The duty is enhanced when the patient population is especially vulnerable due to their mental illness.

### 100.

As a result of the behaviors of the Defendants herein Plaintiff suffered repeated sexual harassment, sexual assault, physical violence, was placed in constant fear for his safety and suffered severe emotional trauma.

### 101.

The acts and omission of Defendants, taken under color of law, constituted deliberate indifference and violated Plaintiff's right under the Eighth Amendment to the United States Constitution.

### 102.

As a result of the Defendants' negligence, Plaintiff is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

### 103.

As a result of the Defendants' negligence, Plaintiff is entitled to recover punitive damages in a reasonable amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF

### Professional Negligence

### (Defendants DHS, OHA, OSH)

### 104.

Plaintiff realleges all previous paragraphs and incorporates those allegations set forth herein.

///

///

Page 23 – AMENDED COMPLAINT

**105.**

Each and every employee and staff members of Defendants DHS, OHA and OSH were acting within the scope and course of their employment with Defendants DHS, OHA and OSH.

**106.**

Defendants DHS, OHA and OSH were negligent in one or more of the following particulars:

1) DHS/OHA/OSH's failure to timely investigate Defendant Contreras' actions;

2) DHS/OHA/OSH's failure to timely investigate Defendant Bishop's actions;

3) DHS/OHA/OSH's failure to note and respond to evidence of abuse;

4) DHS/OHA/OSH's willfully ignored clear violations of restrictions on contact and behavior permitted between staff and patients;

5) DHS/OHA/OSH's willfully ignored clear signs of "grooming" and sexualized behavior by staff toward inmates;

6) DHS/OHA/OSH's failure to provide adequate supervision and training for staff;

7) DHS/OHA/OSH's failure to provide adequate safeguards and protections for patients from Defendants Contreras and Bishop;

8) DHS/OHA/OSH's failure to respond to obvious signs that Defendant Contreras was grooming Plaintiff;

9) DHS/OHA/OSH's knowledge of Defendant Contreras' actions and their failure to take immediate action to stop Defendant Contreras' actions;

10) DHS/OHA/OSH's failure to protect Plaintiff from sexual harassment and intimidation from OSH employees.

11) DHS/OHA/OSH's failure to protect Plaintiff from physical harm from OSH employees.

///

///

Page 24 – AMENDED COMPLAINT

**107.**

Defendant OSH, as a provider of mental health treatment treating a patient with known mental health issues, was professionally obligated to protect Plaintiff from harm.

**108.**

As a result of Defendants' professional negligence herein Plaintiff suffered repeated sexual harassment, sexual assault, physical violence,  was placed in constant fear for his safety and suffered severe emotional trauma.

**109.**

The acts and omission of Defendants, taken under color of law, constituted professional negligence.

**110.**

As a result of the Defendants' negligence, Plaintiff is entitled to recover compensatory damages in a reasonable amount to be proven at trial.

**111.**

As a result of the Defendants' negligence, Plaintiff is entitled to recover punitive damages in a reasonable amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**

**Negligence**

**(Defendant Bishop)**

**112.**

Plaintiff realleges paragraph 1 through 16 and 41 through 47 as if fully set forth herein.

**113.**

Defendant Bishop was negligent when he used and an inappropriate amount of force against Plaintiff.

**114.**

As a direct result of Defendant Bishop's actions, Plaintiff suffered the following injuries:

Page 25 – AMENDED COMPLAINT

1)    Right hip dislocation;

2)    Right pelvis fracture.

**115.**

As a further direct result of Defendant's actions, Plaintiff has suffered pain, inconvenience, limitation, and interference with his normal and usual activities, all to his non-economic damage, in an amount determined by the jury to be fair and reasonable and in accord with the law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court will enter a Judgment in his favor, and against Defendants, as follows:

1)    For an award of economic and noneconomic damages in an amount to be proven at trial;

2)    For an award of punitive damages in an amount to be proven at trial;

3)    For Plaintiff's reasonable attorney fees, costs, and disbursements; and

4)    For such other relief as the law permits and justice requires.

DATED this ___ day of November, 2020.

Respectfully submitted,

/s/ Ginger G. Mooney
Ginger G. Mooney, OSB#: 031261
Attorney for Adam Lyon