ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER  #105919
Assistant Attorney General
KATE BECK #173021
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Jessica.Spooner@doj.state.or.us
        kate.beck@doj.state.or.us
Attorneys for Defendants Allen, Bishop, Brown, Kautz, Lewis, Matteucci, Morris, Muhr, Oregon
State Hospital, Oregon Department of Human Services, Oregon Health Authority, and Wehr

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADAM LYON,<br><br>        Plaintiff,<br><br>    v.<br><br>OREGON STATE HOSPITAL, a state agency; OREGON DEPARTMENT OF HUMAN SERVICES, a state agency; OREGON HEALTH AUTHORITY, a state agency; PATRICK ALLEN, director of Oregon Health Authority; KRISTINE KAUTZ, Deputy Director of Oregon Health Authority; MIKE MORRIS, Behavioral Health Director, Oregon State Hospital; DELORES 'DOLLY' MATTEUCCI, Superintendent, Oregon State Hospital; DEREK WEHR, Deputy Superintendent, Oregon State Hospital; CARMEN CONTRERAS, MHTT, Oregon State Hospital; STEPHEN BISHOP, MHTT-Security, Oregon State Hospital; EUGENE DOE, LPN, Oregon State Hospital; JOHN AND JANE DOE(S), each sued in their individual and official capacities,<br><br>        Defendants. | Case No.  6:20-cv-01883-JR<br><br>STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES<br><br><br>***Jury Trial Requested*** |

Page 1 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

Defendants Oregon State Hospital ("OSH"), Oregon Department of Human Services ("DHS"), Oregon Health Authority ("OHA"), Patrick Allen, Kristine Kautz, Mike Morris, Dolores Matteucci, Derek Wehr, Stephen Bishop, Michael Murr, Brynn Brown, and Eugene Lewis (collectively referred to as "State Defendants"), by and through the undersigned, in response to Plaintiff's Amended Complaint, admit, deny, and allege as follows.

## GENERAL RESPONSE

State Defendants deny each and every allegation of Plaintiff's Amended Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

### 1.

State Defendants admit the allegations regarding jurisdiction and venue alleged in Paragraphs 1-2.

## PARTIES

### 2.

Defendant Patrick Allen admits that he currently serves as the Director for the Oregon Health Authority ("OHA").

### 3.

Defendant Kristine Kautz admits that she currently serves as the Deputy Director for the OHA.

### 4.

Defendant Derek Wehr admits that he currently serves as the Deputy Superintendent for the Oregon State Hospital ("OSH"), Salem Campus.

### 5.

Defendant Dolores Matteucci admits that she currently serves as the Superintendent for the OSH.

/ / /

Page 2 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

6.

Defendant Steven Bishop admits that he currently serves as a Mental Health Security Technician for the OSH.

7.

Defendant Brynn Brown admits that she currently serves as a Mental Health Therapist 2 for the OSH.

8.

Defendant Eugene Lewis admits that he formerly served as a Licensed Practical Nurse for the OSH.

9.

Defendant Mike Muhr admits that he currently serves as a Program Nurse Manager for the OSH.

10.

Defendant Mike Morris admits that he last served as the Interim Behavioral Health Director for OHA.

FACTUAL ALLEGATIONS

11.

With respect to the allegations in paragraphs 16, 17, 18, and 19, State Defendants admit that Plaintiff has been a patient at the OSH, has been housed at OSH, and has received services for mental illness at OSH. State Defendants admit that OHS is a residential mental health treatment facility. State Defendants admit that Carmen Contreras was formerly an employee of the OSH.

12.

With respect to allegations 20, 21, 22, 23, 24, 25, 26, 27, and 28, State Defendants lack sufficient knowledge to admit or deny the allegations at this time and therefore deny the same.

/ / /

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

13.

With respect to paragraph 29, State Defendants admits the following: the Office of Training, Investigations, and Safety ("OTIS") received information via a phone call on December 25, 2018, concerning Plaintiff, regarding a report of sexual abuse, the information alleged that the Plaintiff and Defendant Contreras were involved in an intimate relationship, and OTIS ultimately substantiated the claim of alleged sexual abuse.

14.

State Defendants admit paragraph 30.

15.

With respect to paragraph 31, State Defendants lack sufficient knowledge to admit or deny the allegations at this time and therefore deny the same.

16.

With respect to paragraph 32, State Defendants admit that a named defendant called OTIS investigator Jess Lienemann on January 8, 2019, to report Defendant Contreras' relationship with Plaintiff.

17.

With respect to paragraph 33, State Defendants admit the following: on January 23, 2019, a named defendant reported to investigator Jess Lienemann that he had suspicions that Plaintiff and Defendant Contreras were in a relationship, that the named defendant saw Plaintiff pass Defendant Contreras a letter, that Defendant Contreras and Plaintiff kept being found together, that the named defendant advised Defendant Contreras on appropriate work attire, that the named defendant advised Defendant Contreras on creating distance from Plaintiff, that Defendant Contreras continued to wear inappropriate clothing to work, and that, in the opinion of the named defendant, the inappropriate clothing differed from Defendant Contreras' normal attire.

/ / /

/ / /

Page 4 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

18.

With respect to paragraph 34, State Defendants admit the following: on January 23, 2019, an individual reported to investigator Jess Lienemann that the individual had suspicions that there might have be a relationship between Plaintiff and Defendant Contreras, that the individual constantly saw Plaintiff and Defendant Contreras together, and that Defendant Contreras was approached by staff and notified that being seen with Plaintiff so often had the appearance of impropriety.

19.

With respect to paragraph 35, State Defendants admit the following: an individual reported to investigator Jess Lienemann that the individual learned of a note passed from Defendant Contreras to Plaintiff, that Defendant Contreras reportedly gave the note to the individual, and that the individual was not the charge nurse.

20.

With respect to paragraph 36, State Defendants admit that an individual reported to investigator Jess Lienemann that the individual had found Defendant Contreras and Plaintiff playing games in the activity room and that the individual had found Defendant Contreras giving Plaintiff fruit and juice out of the kitchenette beyond the visual range and safety of other staff.

21.

With respect to paragraph 37, State Defendants admit that an individual reported to investigator Jess Lienemann that she was concerned that Defendant Contreras and Plaintiff were talking on the phone, as the individual reportedly observed that when Defendant Contreras would leave, Plaintiff would be seen having long phone conversations.

22.

With respect to paragraph 38, State Defendants admit that an individual reported to investigator Jess Lienemann that Plaintiff told the individual that he had a significant other at the

Page 5 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

hospital and that the individual later because aware of a letter Plaintiff had given to Defendant Contreras, at which time the individual became suspicious.

23.

With respect to paragraphs 39, State Defendants admit that Defendant Contreras reported the information contained in that paragraph to investigator Jess Lienemann on February 12, 2019.

24.

With respect to paragraph 40, State Defendants admit that Defendant Contreras reported to investigator Jess Lienemann that she thought it would have been helpful to have more formal training and that the training should be made more available to staff.

25.

With respect to paragraph 41, State Defendants admit that on February 14, 2019, investigator Jess Lienemann was informed that Plaintiff had been receiving letters from Defendant Contreras.

26.

State Defendants admit paragraph 42.

27.

State Defendants deny paragraph 43.

28.

With respect to paragraph 44, State Defendants admit that Plaintiff was taken to Salem Hospital on January 14, 2019. State Defendants lack sufficient knowledge at this time to admit or deny the remaining allegations in paragraph 44, and therefore deny the same.

29.

State Defendants lack sufficient knowledge at this time to admit or deny the allegations in paragraph 45, and therefore deny the same.

Page 6 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

30.

With respect to paragraph 46, State Defendants admit that a form entitled "Tort Claim Notice" was received from Plaintiff by the Oregon Department of Administrative Services ("DAS") on March 26, 2019. State Defendants admit that the content of the form was in regard to the incident on January 14, 2019, and named Stephen Bishop and Dolores Matteucci.

31.

With respect to paragraph 47, State Defendants admit that a form entitled "Tort Claim Notice" was received from Plaintiff by DAS on May 1, 2019. State Defendants admit that the form alleges that Plaintiff was sexually abused by Defendant Carmen Contreras around December 25, 2018. State Defendants admit that the form stated that OTIS investigated the abuse and made a finding substantiating the abuse.

32.

With respect to paragraph 48, State Defendants admit that a form entitled "Tort Claim Notice" was received by DAS on March 4, 2019 regarding an alleged "unlawful force in a takedown" on January 14, 2019. State Defendants further admit an additional form entitled "Tort Claim Notice" was received by DAS on March 14, 2019 regarding January 14, 2019. State Defendants admit that the second form names the State of Oregon, the Oregon Hospital, the Oregon Health Authority, Dolores Matteucci, and "all identifiable security involved, all identifiable administrators bearing responsibility, all interdisciplinary team leaders and members bearing responsibility."

33.

With respect to paragraph 49, State Defendants lack sufficient knowledge to admit or deny the allegations at this time and therefore deny the same.

Page 7 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

34.

To the extent any remaining allegations do not state legal conclusions to which no response is required, State Defendants lack sufficient information to admit or deny the allegations and therefore deny the same.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

30.

Plaintiff fails to state a claim upon which this Court can grant relief under one or more of the theories set forth in the First Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

### Qualified Immunity

31.

State Defendants allege that at all times relevant to Plaintiff's First Amended Complaint, they were acting in good faith and within their discretion pursuant to the laws and statutes of the State of Oregon and the United States, and that their conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

## THIRD AFFIRMATIVE DEFENSE

### Eleventh Amendment Immunity

32.

State Defendants allege they are immune from suit in federal court and protected under Eleventh Amendment immunity as to federal law claims against them in their official capacity and as to state and common law claims.

## FOURTH AFFIRMATIVE DEFENSE

### Statute of Limitations

33.

All allegations outside of the statute of limitations period are barred.

Page 8 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/rrc/#34672514

**FIFTH AFFIRMATIVE DEFENSE**

**Oregon Tort Claims Act ("OTCA")**

34.

With respect to state or common law claims, State Defendants assert all provisions of the Oregon Tort Claims Act ("OTCA") to such claims, including, but not limited to, the provisions requiring timely and proper tort claim notice.

**RESERVATION OF ADDITIONAL DEFENSES**

35.

State Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

**JURY TRIAL DEMAND**

36.

State Defendants demand a jury trial.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint herein, State Defendants pray for a judgment in their favor, for dismissal of Plaintiff's First Amended Complaint with prejudice and in its entirety, for an award of costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate

DATED January   25   , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    s/ Jessica Spooner
JESSICA SPOONER #105919
KATE BECK #173021
Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Jessica.Spooner@doj.state.or.us
kate.beck@doj.state.or.us
Of Attorneys for State Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791